818 F.2d 769
 JOHN DEERE COMPANY, a corporation, Plaintiff-Appellant,
v.
Jim GAMBLE, individually and d/b/a Cahaba Tractor Company
and Marineland, Inc., for itself and d/b/a Cahaba
Tractor Company, Defendants-Appellees.
 No. 86-7461.
 United States Court of Appeals,
Eleventh Circuit.
 June 5, 1987.
 
 Braxton Schell, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., Michael R. Pennington, Dow N. Kirkpatrick, II, Alston & Bird, Atlanta, Ga., for plaintiff-appellant.
 Kimberly R. West, Birmingham, Ala., Robert E. Paden, Paden, Green, Paden & Bivona, Bessemer, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama; Guin, District Judge.
 Before HILL and JOHNSON, Circuit Judges and HENLEY*, Senior Circuit Judge.
 HILL, Circuit Judge:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR
 
 THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF
 ALABAMA PURSUANT TO RULE 18 OF THE
 
 2
 ALABAMA RULES OF APPELLATE PROCEDURE.
 
 
 3
 TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:
 
 
 4
 It appears to the United States Court of Appeals for the Eleventh Circuit that the above matter involves questions or proposition of law of the State of Alabama which may be determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Alabama. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of law of the State of Alabama to the Supreme Court of Alabama for instructions concerning such questions of law, based on the facts recited here.
 
 I. STYLE OF THE CASE
 
 5
 The style of the case in which certification is made is: JOHN DEERE COMPANY, a corporation, Plaintiff-Appellant, versus JIM GAMBLE, individually and d/b/a CAHABA TRACTOR COMPANY, and MARINELAND, INC., for itself and d/b/a CAHABA TRACTOR COMPANY, Defendants-Appellees, No. 86-7461, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Alabama.
 
 II. STATEMENT OF THE FACTS
 
 6
 From 1979 to 1985, Cahaba Tractor Company was a "Consumer Products Dealer" for John Deere Company. Under the terms of the contract, John Deere gave Cahaba a one-year notice of its termination as a dealer in October of 1984, with the termination to be effective October 31, 1985. Appellant John Deere brought the present action, seeking a declaration of its rights and obligations with respect to the repurchase of Cahaba's inventory upon termination of the dealership. The district court concluded that Cahaba was a retailer of farm equipment and that Deere was therefore obligated to repurchase Cahaba's inventory under Ala.Code Sec. 8-21-1 et seq. (1984).
 
 
 7
 John Deere has three classification of dealers: (1) industrial equipment dealers which primarily sell large earth moving equipment and wood harvesting products, (2) agricultural equipment dealers which sell tractors, planters, tillage and harvesting equipment, and (3) consumer products dealers. As a consumer products dealer, Cahaba was authorized to sell all John Deere products in the John Deere consumer product price list. This list includes utility and compact tractors, running from 14 to 60 horsepower. Accordingly, Cahaba was authorized to sell four models of utility tractors that were also sold by John Deere Agricultural Dealers. Five such tractors were in Cahaba's inventory at the time the dealership was terminated. Cahaba sold Japanese made John Deere diesel tractors starting at 14 1/2 horsepower. Cahaba also sold compact utility tractors ranging from 20 to 40 horsepower. Fifteen of these tractors were in Cahaba's inventory at the termination of the dealership. Thus, the various John Deere tractors sold by Cahaba ranged in suitability from heavy to light farming capability. Cahaba did in fact sell several tractors to farmers.
 
 
 8
 Cahaba maintained a service department for John Deere equipment. This department worked on utility tractors from 60 to 14 1/2 horsepower, and the attachments for the tractors, such as back hoes and loaders. Cahaba kept an inventory of John Deere parts for this operation, including utility tractor, skid steer, industrial tractor and back hoe parts. At termination, Cahaba had a parts inventory of $70,000 to $75,000.
 
 
 9
 In addition to John Deere equipment, Cahaba also sold Ford and Kubota tractors. In 1984, Cahaba sold approximately 200 tractors from these three manufacturers.
 
 
 10
 III. QUESTIONS TO BE CERTIFIED TO THE SUPREME COURT OF ALABAMA
 
 
 11
 1. Under Ala.Code Secs. 8-21-1 et seq., is the statutory definition of "retailer," insofar as its excludes "retailers of yard and garden equipment not primarily engaged in the farm equipment business," to be applied (1) by reference to a dealer's authorized product line (i.e. what the dealer offers for sale), (2) by reference to the dealer's actual sales results (i.e. what customers in fact purchase from the dealer), or (3) by reference to both product line and actual sales?
 
 
 12
 2. If actual sales are to be considered in determining whether a dealer is a "retailer" under Ala.Code Secs. 8-21-1 et seq., is the actual sales standard to be applied by reference to the percentage of actual gross sales revenues attributable to farm equipment, the percentage of actual net profits attributable to farm equipment, the number of farm equipment items sold versus the number of other items sold, or by reference to some other basis?
 
 
 13
 3. If actual sales are to be considered in determining whether a dealer is a "retailer" under Ala.Code Secs. 8-21-1 et seq., is the determination to be made by reference to actual sales over the life of the dealership, the last year of the dealership or by reference to some other period of time?
 
 
 14
 4. If actual sales are to be considered in determining whether a dealer is a "retailer" under Ala.Code Secs. 8-21-1 et seq., is equipment that is suitable either for yard and garden applications or for light farming applications deemed to be "farm equipment" or "yard and garden equipment" under Ala.Code Sec. 8-21-1(5)?
 
 
 15
 5. In determining whether a dealer is a "retailer" of farm equipment, should the fact finder be restricted to considering the relationship of the dealer/terminating manufacturer or may the fact finder consider the dealer's sale of farm equipment produced by other manufacturers?
 
 
 16
 The phrasing employed in the above certified questions is intended as a guide and is not meant to restrict the Alabama Supreme Court's consideration of the issues in its analysis of the record certified in this case. The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama and to transmit copies of the certificate to the attorneys for the parties.
 
 
 17
 QUESTIONS CERTIFIED.
 
 
 
 *
 Honorable J. Smith Henley, Senior U.S. Circuit Judge, for the Eighth Circuit, sitting by designation